**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 25, 2019

RE:     *Christine D. v. Commissioner, Social Security Administration*;
        Civil No. SAG-18-2226

Dear Plaintiff and Counsel:

On July 20, 2018, Plaintiff Christine D., who appears *pro se,* petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income.  ECF 1.  Plaintiff did not file a dispositive motion, but I have considered the SSA's Motion for Summary Judgment.[1]  ECF 15.  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2018).  This Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny the SSA's motion, and remand the case to the SSA for further evaluation.  This letter explains my rationale.

Plaintiff filed a claim for benefits on September 21, 2015, alleging a disability onset date of November 1, 2007.  Tr. 149-57.  Her claim was denied initially and on reconsideration.  Tr. 93-96, 101-04.  A hearing was held on March 13, 2017, before an Administrative Law Judge ("ALJ").  Tr. 34-67.  Following that hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 10-20.  The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of depression, anxiety disorder, panic disorder with agoraphobia, post-traumatic stress disorder, and a history of substance abuse. Tr. 12. Despite her impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations:  because of her mental impairments, the claimant can perform jobs consisting of unskilled, routine, and repetitive tasks, involving only simple, work-related decisions, with only occasional interaction with supervisors, coworkers, and the public.  The claimant is able to sustain concentration and attention for two hours at a time.

---

[1] The Clerk mailed a Rule 12/56 letter to Plaintiff on January 17, 2019, advising her of the potential consequences of failing to respond to the SSA's motion.  ECF 16.  Nevertheless, Plaintiff did not respond.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 19-20. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 20.

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, although substantial evidence supports some of the ALJ's decision, the ALJ's analysis was deficient under *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Accordingly, remand is warranted.

The ALJ proceeded in accordance with applicable law at the first two steps of the sequential evaluation. The ALJ ruled in Plaintiff's favor at step one, and determined that she had not engaged in substantial gainful activity between her application date and the date of the opinion. Tr. 12; *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Plaintiff claimed prevented her from working, and found several of her mental impairments to be severe. Tr. 12; *see* 20 C.F.R. § 416.920(a)(4)(ii). The ALJ determined that Plaintiff's chronic back pain and migraines were medically determinable, but non-severe. Tr. 13. The ALJ supported his assessment with citations to medical evidence. *Id.* However, after finding Plaintiff's mental impairments to be severe, the ALJ continued with the sequential evaluation and considered, in assessing Plaintiff's RFC, the extent to which her physical and mental impairments limited her ability to work. *See, e.g.*, Tr. 17 (evaluation of Plaintiff's physical conditions in the RFC assessment).

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of any listings. Tr. 13-15. In particular, the ALJ identified and considered mental health listings 12.04, 12.06, and 12.15. *Id.* The ALJ properly applied the special technique applicable to mental impairments (addressed in more detail below), and determined that Plaintiff had only moderate limitations in the relevant functional areas, and did not fulfill the requirements of any listing. *Id.* I have reviewed the record, and concur that no listing has been met or equaled.

The flaw in the ALJ's analysis occurred in the evaluation of Plaintiff's RFC. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of Plaintiff's "moderate difficulties" in the functional domain of concentration, persistence, or pace. 780 F.3d at 637-38. As noted above, at step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two

years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each functional area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 416.920a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE— and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 14. The entirety of the ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. The claimant reported difficulty with completing tasks and concentration. She stated that she takes a few days to complete one task. April 2016 mental health records showed that the claimant was oriented to person, place, and time with intact concentration. The claimant's thought process was logical with goal-oriented associations. I find this consistent with a moderate limitation in concentrating, persisting, or maintaining pace.

*Id.* (internal citations omitted).

The ALJ's RFC assessment states, conclusorily, that "The claimant is able to sustain concentration and attention for two hours at a time." Tr. 15; *see also* Tr. 18 ("The claimant is able to sustain concentration and attention for two hours at a time."). Presumably, the ALJ arrived at that conclusion by adopting the verbatim findings of the two non-examining State agency psychological consultants, because the ALJ assigned "great weight" to their opinions. Tr. 17. The problem is, neither the State agency consultants nor the ALJ provided any explanation to reconcile the finding of moderate limitations in concentration, persistence, or pace with the finding that Plaintiff could adhere to a normal schedule of maintaining concentration for two-hour segments throughout a workday. Tr. 15, 18, 72-76, 84-88. That explanation is precisely what *Mascio* requires in a situation, like this one, where the RFC assessment does not contain restrictions to address a claimant's limitation in sustained concentration. Accordingly, remand is warranted to allow the ALJ to comply with the Fourth Circuit's mandate in *Mascio*. In ordering remand, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF 15, is DENIED, and the case is remanded to the SSA for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge